IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02764-GPG

JERRY E. HEGWOOD,
WILLIAM MOORE, JR.,
TREVION McKENZIE,
ROBERT BURKE,
TYWAUN DEEDS,
MICHAEL STEVENS,
PATRICK LEITCH,
SHAWN KUHN,
GABRIEL SANCHEZ,
GREGORY MEISTER,
ANTHONY PEREZ,
JOSUE BAMARA,
VIZCARRA GARCIA,
JORGE LOPEZ,
JOSEPH McENTEE,
TIMOTHY BOWMAN,
EDGAR GARCIA,
JEROME ROBINSON,
MANUEL RUYBAL,
CHRIS GARCIA,
JAMES COOPER,
CHAD FAST,
ANTONIO GONZALES,
RICHARD A. ZARATE,
JOSHUA BUSTAMANTE,
JOSHUA EDELMAN, and
FELIPE ABEYTA-HOLCOMB,

    Plaintiffs,

v.

PARK COUNTY JAIL/SHERIFF'S OFFICE,
COLORADO DEPARTMENT OF CORRECTIONS,
TRINITY SERVICE GROUP INC., and
SECURUS TECHNOLOGIES/T-NET INC.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiffs, each of whom is or was confined at the Park County Jail in Fairplay, Colorado, initiated this action by filing a Prisoner Complaint (ECF No. 1). The Prisoner Complaint apparently was drafted by Plaintiff Jerry E. Hegwood, who also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) that is not signed and a letter to the court (ECF No. 4) regarding copies of the complaint. Plaintiffs assert ten claims for relief contending their rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated because, although they are convicted prisoners in the custody of the Colorado Department of Corrections, they are being held at the Park County Jail under county jail conditions. Plaintiffs indicate in the caption of the Prisoner Complaint that they intend to pursue a class action.

On November 20, 2017, Magistrate Judge Gordon P. Gallagher ordered Plaintiffs to cure certain deficiencies if they wished to pursue their claims in this action. More specifically, Plaintiffs were ordered to file individual motions seeking leave to proceed *in forma pauperis* along with certified copies of their inmate trust fund account statements and signed authorizations to calculate and disburse filing fee payments.

In response to that order many, but not all, of the Plaintiffs filed a joint motion seeking leave to proceed *in forma pauperis* (ECF No. 8). The joint motion lists as Plaintiffs at least three individuals who were not named as Plaintiffs in the Prisoner Complaint. Attached to the joint motion is a supplement (ECF No. 8-1) to the Prisoner

Complaint that lists an additional three claims for relief. The supplement is signed only by Plaintiff Jerry E. Hegwood. Some, but not all, of the Plaintiffs have submitted inmate trust fund account statements that cover all or part of the six-month period immediately preceding the filing of the complaint as required pursuant to 28 U.S.C. § 1915(a)(2). (*See* ECF Nos. 10, 11, 12, 13, 14, 17, 22, 23, 25, 26, 27, 29, 35.) The Court's docketing records also reveal that documents mailed to a number of Plaintiffs have been returned to the Court undelivered. (*See* ECF Nos. 6, 15, 16, 18, 19, 21, 28, 30, 31, 32, 33, 34.) Only one Plaintiff has filed a notice of change of address. (*See* ECF No. 20.)

The instant action will be dismissed because Plaintiffs have failed to cure the deficiencies as directed within the time allowed. More specifically, Plaintiffs have not filed individual motions seeking leave to proceed *in forma pauperis* on the proper form with the necessary supporting documentation. However, the dismissal will be without prejudice. Therefore, any Plaintiff who wants to pursue his claims may do so by filing a new action. Plaintiffs are cautioned that they will not be allowed to pursue their claims in a class action because *pro se* litigants may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and are not adequate class representatives for a putative class action. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

Plaintiffs also are cautioned that they will not be allowed to pursue their claims in a single action. Rule 20(a)(1) of the Federal Rules of Civil Procedure, which governs permissive joinder of plaintiffs, must be construed liberally. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). However, a multiple plaintiff suit does not

pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to the joint cause of action.  *See Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997).   Furthermore, a number of district courts have found that the pervasive impracticalities inherent in multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Rule 20(a)(1).   *See Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916 at *5 (D.N.J. June 23, 2008) (unpublished) (collecting cases); *see also Bourn v. GEO Grp., Inc.*, No. 11-cv-02628-BNB, 2012 WL 451286 at *2 (D. Colo. Feb. 13, 2012) (denying permissive joinder and citing *Boretsky*). Among the difficulties noted by these courts are the need for each plaintiff to sign every pleading, the possibility that documents may be changed as they are circulated, that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation, the possibility of forging signatures or inmates acting on behalf of other inmates, and the difficulty of joint litigation due to the transitory nature of prison populations.  *See id.*   Therefore, any Plaintiff who wishes to pursue his claims in a new action must do so on his own.   Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiffs failed to cure the deficiencies as directed.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.   It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  26th  day of   January  , 2018.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court